MARY A. D. WOOD *v.* KINKEAD & SWEATNAM, ET AL.

**Judgment by Default—Defendant Constructively Summoned—Petition—Proof of Allegations—Affidavit of Plaintiff.**

The allegations of a petition against a defendant constructively summoned, and who has failed to appear, cannot be taken as true, unless the plaintiff files, with his petition, his own affidavit, stating that the allegations are true and known to be so by the defendant and that they cannot be proven otherwise than by his answer.

APPEAL FROM M'CRACKEN CIRCUIT COURT. C. P. DIV.

January 10, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

On the 14th of February, 1867, William Wood conveyed his estate, both real and personal, in McCracken county to Philip Nunn in trust for the payment of his debts, setting forth the names of the creditors and the amounts of their respective debts to be secured, and among the creditors named is Mary A. D. Wood, his sister, whose debt he states to be above $3,000.

The trustee having failed to sell the trust estate, or to pay the debts of Wood, and to execute the requisite bond under the statute, this suit in equity was instituted by Kinkead and Sweatnam, two of the creditors named in the deed, to compel the execution of the trust, and for general relief.

In their original petition they say "they are informed and so charge that the *debts* of Mary A. D. Wood and Philip Nunn have been fully paid off and discharged; but do not know, plaintiffs ask that each of the defendants be required to answer this petition, and say how much each has been paid" and in that petition there is no other allegation against Mary A. D. Wood who was proceeded against as a non-resident defendant.

In an amended petition filed the 30th of April, 1869, the plaintiffs below allege, that Nunn the trustee had never executed the bond required by law, and ask that all his acts as such may be, for that reason, adjudged null and void, that Mary A. D. Wood

is a non-resident of the State, that Wood the grantor, after the institution of this suit, and after the service of the summons on him had conveyed to one Henry Stanley a large portion, if not all of the trust property and exhibit the deed to him therefor, and conclude with a prayer that the conveyance to Mary A. D. Wood by Wood & Nunn, and the deed to Stanley by Wood, be annulled, and set aside, for a sale of all the trust property, and that the proceeds arising therefrom be applied to discharge "the *honest* and *proper* debts of defendant Wood" and for all general and special relief.

Another amended petition was filed in October, 1869, but in it the plaintiffs only charge that Nunn had received of trust funds, and specified amounts, and pray that he be compelled to pay the same into court. A warning order was taken against Mary A. D. Wood and Stanley and an attorney appointed to defend for them, but he never made a report in the case.

With no other allegation against Mary A. D. Wood, and without any evidence against her, the cause was submitted, and the court adjudged that the deed of conveyance from William Wood, and Philip Nunn assignee of William Wood to Mary A. D. Wood of Herkimer county, New York, of date the 24th of April, 1867, be set aside as fraudulent and void as to the creditors of William Wood in this suit, and that is the first time the deed referred is mentioned, and after rendering judgment in favor of the creditors of Wm. Wood named in the deed of trust, except Byers & Co., whose debt was adjudged to have been paid, and adjudging that King was entitled by assignment of the debt owing to How, and postponing the claim of Stanley until said judgments should be satisfied; it was adjudged that the debt named in the deed of assignment as a debt to M. A. D. Wood for about $3000 was not valid, never existed in fact, and was then disallowed. The trustee's report was confirmed, and a sale of so much of the real estate embraced in the deed, as should be necessary to pay the debts therein adjudged to be owing and the costs of the suit, was ordered, and from that judgment Mary. A. D. Wood has appealed.

It is manifest from an inspection of the original and amended petitions, that there is not an allegation of fraud either against appellant or William Wood in relation to her claim, that it was unfounded, did not exist, nor that it had been paid, and without

some such allegation the judgment was wholly unauthorized, and could not be sustained. But even if the necessary averments had been made, still as appellant was only consctructively summoned, and did not appear to the action, they could not have authorized a judgment against her without proof.

Sec. 439, Civil Code provides that the statements of the petition as against defendant constructively summoned and who has not appeared, except such as are for his benefit, shall not be taken as true, but are to be established by proof.

But where the plaintiff files with his petition, his own affidavit, stating that any of the allegations thereof recited in the affidavit are true and known to be so by the defendant, and that they cannot be proved, or shown otherwise than by his answer, so far as affiant knows or believes, such allegations unless denied by the answer shall be taken as true.

As there was no proof offered against appellant's claim, and no affidavit filed with the petition, as prescribed by this section, the judgment was on that account as against appellant, erroneous even if the petitions or either of them had contained the necessary allegations. Wherefore, the judgment is *reversed,* and the cause remanded, with directions to adjudge to appellant the debt named in the deed as due her, and upon the sale of the trust property that the same be paid, or if there should not be enough to pay all the creditors that she have her *pro rata* after paying the costs of the suit.

*L. D. Husbands, for appellant.*

*Bramblett & Durnett, for appellee.*